[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Third-party defendant Nippon Yusoki Company, Ltd. (NYK) has moved for summary judgment on third-party plaintiff Tri-Lift, Inc.'s third-party complaint claiming that Tri-Lift's claims are time barred by the three-year statute of limitations and the ten-year statute of repose in C.G.S. § 52-577a(a).
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995).
There is no dispute as to when the plaintiff was injured or when NYK last maintained possession or control of the product. The plaintiff claims that he was injured by the defective product on October 16, 1996. NYK last had possession of the product on February 16, 1988. Tri-Lift impleaded NYK as a third-party defendant for indemnification purposes on December 2, 1999. The plaintiff then amended his complaint to add NYK as a defendant on April 24, 2000. It is clear that NYK was not made a party to this action until the time prescriptions of C.G.S. § 52-577a had run. The issue before the court is the effect of C.G.S. § 52-598a.
C.G.S. § 52-598a reads:
 "Notwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification."
C.G.S. § 52-598a was enacted in 1993, following the enactment of § 52-577a. Accordingly, § 52-598a supersedes § 52-577a and extends the time period for which a party may bring an action for indemnification despite the time frame embodied in § 52-577a. The CT Page 5855 defendant's argument that § 52-598a does not apply to the ten year statute of repose is defeated by the language of the statute: "notwithstanding any provision of this chapter. . . ." The motion for summary judgment is denied.
Bishop, J.